**Zhi Jian WANG, Petitioner,**

v.

**Alberto R. GONZALES,\* United States Attorney General, Respondent.**

**No. 04–0912AG.**

United States Court of Appeals, Second Circuit.

Dec. 15, 2005.

Thomas V. Massucci, New York, NY, for Petitioner.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

David V. Kirby, United States Attorney for the District of Vermont, Heather E. Ross, Assistant United States Attorney, Burlington, VT, for Respondent.

Present: Honorable Amalya L. KEARSE, Honorable Chester J. STRAUB, and Honorable Sonia SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DE-CREED that the petition for review of the decision of the Board of Immigration Appeals ("BIA") be and it hereby is DENIED.

Petitioner Zhi Jian Wang, through counsel, petitions for review of the January 30, 2004 decision of the BIA denying his motion, dated December 2, 2003 ("December motion"), for reconsideration of its prior decision affirming the order of the immigration judge ("IJ") denying asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and the procedural history.

A petition for review of the denial of a motion to reconsider calls up for review only the merits of the denial of that motion, not the merits of the decision as to which reconsideration is sought; absent a timely petition for review of the underlying decision, this Court is precluded from passing on the merits of that underlying decision. See, e.g., Ke Zhen Zhao v. U.S. Dep't of Justice, 265 F.3d 83, 89–90 (2d Cir.2001). Wang's petition for review is timely only with respect to the BIA's January 30, 2004 order denying his December motion. Accordingly, our review is confined to the merits of that denial.

A motion to reconsider must specify errors of fact or law in the prior decision and be supported by pertinent authority. 8 C.F.R. § 1003.2(b)(1) (2005). A motion

to reopen the proceedings must proffer new facts to be proven at a hearing, and such a motion is not to be granted unless it appears to the BIA that the new evidence "is material and was not available and could not have been discovered or presented at the former hearing." Id. § 1003.2(c)(1). We review the BIA's denial of either a motion for reconsideration or a motion to reopen under an abuse-of-discretion standard. See, e.g., Zhong Guang Sun v. U.S. Dep't of Justice, 421 F.3d 105, 107 (2d Cir.2005); 8 C.F.R. § 1003.2(a). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies ..., is devoid of any reasoning, or contains only summary or conclusory statements ...; that is to say, where the Board has acted in an arbitrary or capricious manner." Ke Zhen Zhao, 265 F.3d at 93.

The BIA denied Wang's motion for reconsideration because he did not identify any errors of law or fact in the BIA's decision affirming the IJ's denial of relief. Because Wang's motion for reconsideration relied solely on an argument previously presented to the BIA and was based on an article that was not part of the administrative record before the IJ, the BIA did not abuse its discretion in determining that the December motion did not meet the standard for reconsideration.

The BIA also treated Wang's December motion as a motion to reopen, and it denied the motion as thus treated because it saw no indication that the new documents that Wang submitted were unavailable for presentation at his hearing. Wang has not demonstrated any abuse of discretion in that ruling.

We have considered all of petitioner's contentions in support of this petition for review and have found them to be without

merit. The petition for review is **DE-NIED**.

Wang's pending motion for a stay of removal is **DENIED**.